UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE A. NADER,**<br>Central Virginia Regional Jail<br>13021 James Madison Hwy,<br>Orange, VA 22960<br><br>**Petitioner,**<br><br>v.<br><br>**LATHAM & WATKINS, LLP.,**<br>555 Eleventh St., NW<br>Suite 1000<br>Washington, DC 20004<br><br>**Respondent.** | **Case No.: 23-cv-02520**<br><br>Under Seal |

### CORRECTED PETITION TO VACATE ARBITRATION AWARD

George A. Nader, petitioner, through undersigned counsel, respectfully moves to vacate an arbitration award against him. The award was entered on June 3, 2023. A copy of it is appended as Exhibit 1. This request is made pursuant to D.C. Code §16-4423(b), because the award is contrary to public policy, fundamental principles of attorney ethics and the Sixth Amendment of the United States Constitution, and hence is unreasonable. Further, these issues create a federal question, particularly since directly related criminal proceedings against Mr. Nader occurred in this Court, as did the interactions between Mr. Nader's counsel and the Department of Justice detailed in the appended exhibits. ▮

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████.

Respondent Latham & Watkins, LLP ("Latham") objects to this motion.

A separate consent motion is being filed seeking to seal this proceeding. This request is made because the arbitration proceeding between the parties is confidential pursuant to contract. We do not believe that this proceeding necessarily must remain confidential indefinitely, but at least at this time, we believe we are compelled to move for its sealing.

<u>Factual and Procedural Background, and Argument</u>

Latham represented Mr. Nader in a number of related criminal matters in this Court and in the United States District Court for the Eastern District of Virginia. ████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████.   Exhibit 1.   ████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████.

For purposes of this motion, we adopt the assertions in the following documents:

●     our final brief to the arbitration panel (Exhibit 2); and

●     the opinions and other findings of our principal expert witness in the arbitration, ████████████████████████, which are reflected in the proffer of his testimony that we submitted to the panel (Exhibit 3), a statement of the facts on which his testimony was predicated (Exhibit 4), and his testimony at the arbitration hearing (Exhibit 5).

As a matter of fairness, we also append as exhibits Latham's final brief to the panel (Exhibit 6), the report of its expert witness, ▇▇▇▇▇▇ (Exhibit 7), and ▇▇▇▇▇▇ testimony at the arbitration hearing (Exhibit 8).

The facts and our argument are set out in substance in our Exhibits 1 through 5, which we seek to adopt in full in this motion as if we had fully set them forth here. ▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

We recognize that, but for this submission, the dispute between these parties might otherwise be at an end.  Mr. Nader is incarcerated and will remain so for a significant additional period of time.  We have no reason to believe that Latham intended, but for this motion, to file any document seeking to confirm the arbitration award.  We acknowledge that the arbitration panel devoted substantial time and resources to this dispute.  We further acknowledge that at least two of the three arbitrators came to the case with substantial prior experience in criminal cases.  Arbitration, however, is not a court proceeding.  It is a commercial, for-profit enterprise for dispute resolution.  That is a substantial part of the reason why D.C. Code §16-4423 exists.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Courts can vacate arbitral awards for reasons of explicit, "well defined and dominant" public policy grounded in the law. *LaPrade v. Kidder, Peabody & Co*., 246 F.3d 702, 706 (D.C. Cir. 2001) (*quoting United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 43, (1987)).  This Court has recognized that the public policy exception falls within the "other reasonable ground" provision in D.C. Code §16-4423(b).  *See Affinity Fin. Corp. v. AARP Fin., Inc*., 794 F. Supp. 2d 117, 123 (D.D.C. 2011), *aff'd,* 468 F. App'x 4 (D.C.

Cir. 2012) (interpreting § 16-4423(b) as a manifestation of the "recognized principle that an arbitration award may be set aside if it manifestly disregards some clear expression of binding law or public policy"). In interpreting section 16-4423(b), this Court has consistently relied on jurisprudence from District of Columbia courts. *See generally Foulger-Pratt Residential Contracting, LLC v. Madrigal Condominiums, LLC*, 779 F. Supp. 2d 100, 123 (D.D.C. 2011) (referring to the decision of "D.C.'s highest court" in interpreting the meaning of "other reasonable ground"). And the District of Columbia Court of Appeals has referred to codes of professional conduct as a source of relevant public policy. *See Carl v. Children's Hosp.*, 702 A.2d 159, 194 (D.C. 1997). The Constitution, explicitly and implicitly, also serves as a well-recognized source of public policy. *Id.* at 164; *see also D.C. v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 645 (D.C. 2005) (recognizing that public policies can be "implicit in . . .the Constitution"). Accordingly, vacation of the arbitral award, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, or both, is within the ambit of this Court's authority.

      For these reasons, it is respectfully submitted that this motion should be granted.

Date:   August 29, 2023              Respectfully submitted,

                                        /s/ Barry Coburn_____
                                        Barry Coburn
                                        DC Bar No. 358020
                                        Coburn & Greenbaum PLLC
                                        1710 Rhode Island Avenue, NW
                                        2nd Floor
                                        Washington, DC 20036
                                        202-643-9472
                                        barry@coburngreenbaum.com

                                        *Counsel for Petitioner*

CERTIFICATE OF SERVICE

       I hereby certify that on this 29th day of August, 2023, I caused a copy of the foregoing to be sent via email to all counsel of record in the above-referenced arbitration proceeding:

Richard D. Owens, Esq.
Latham & Watkins, LLP
1271 Avenue of the Americas
New York, NY 10022-4068
Richard.owens@lw.com

Brian E. Kowalski, Esq.
Natalie Hardwick Rao, Esq.
Rebekah L. Soule, Esq.
Latham & Watkins, LLP
555 Eleventh St., NW
Suite 1000
Washington, DC 20004
Brian.kowalski@lw.com
Natalie.rao@lw.com
Rebekah.soule@lw.com


    /s/ Barry Coburn
Barry Coburn