## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**GEORGE A. NADER,**
*Petitioner,*

*v.*

**LATHAM & WATKINS LLP,**
*Respondent.*

Case No. 23-cv-2520

████████████████████

## LATHAM & WATKINS LLP'S RESPONSE TO GEORGE A. NADER'S MOTION FOR LEAVE TO FILE UNDER SEAL

On August 29, 2023, Petitioner George A. Nader ("Nader") attempted to file a Petition to Vacate the June 2023 arbitral award (the "Final Award") in the confidential JAMS proceeding of *Latham & Watkins v. George A. Nader*, JAMS Reference No. 1410008637 (the "Arbitration"), in which Latham & Watkins LLP ("Latham") prevailed ████████████████████████████████ ████████ The Petition was accompanied by a number of exhibits which included over 1,000 pages of a confidential arbitration record, including testimony, briefs, and the detailed final decision, all of which are deemed highly confidential pursuant to the parties' arbitration agreement and a Protective Order (attached hereto as Exhibit 1) issued by the Arbitration Panel. ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████[1] ████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████

In filing the Petition, Nader initially asked the Court to maintain the *entire* proceeding under seal.  In an order issued by Chief Judge James E. Boasberg, the Court declined to do so, but explicitly authorized Nader to request that specific materials included in his filing be kept under seal.[2]  Nader made such a request in re-filing his Petition on September 6, 2023 (the "Motion to Seal"), which this Court granted by minute order on September 11, 2023.  Now, pursuant to the this Court's minute order, Latham makes this submission[3] in support of the Motion to Seal and respectfully requests that this Court keep Nader's unredacted Petition and exhibits (the "Sealed Materials") under seal, certainly at least until the Court has the opportunity to resolve the Petition itself.

---

[2]  Chief Judge Boasberg's order rejecting Nader's first motion to seal arose in a different context, concerned an entirely different issue, and presents no obstacle to maintaining the specific materials in question under seal now.  Nader's earlier motion was quite perfunctory and contemplated sealing the *entire* case, without even filing the matter on the public docket.  Because the case had not yet been assigned, Chief Judge Boasberg ruled on the motion and found that Nader must file on the public docket if he were to proceed.  However, the Court explicitly held that its order was "subject to any further consideration by the United States District Judge to whom this case is randomly assigned."  Chief Judge Boasberg further noted that Nader "will have the opportunity to proceed on the public docket, if he so chooses, and to seek leave to seal certain filings from the assigned judge."  ECF No. 5 (Mem. Op.) at 6.  Lest there be any doubt, the law clerk for Chief Judge Boasberg subsequently emailed the parties regarding the order, stating "[w]e are happy to offer some clarification: the Order means only that Mr. Nader cannot proceed entirely under seal. Mr. Nader may still seek to file certain materials under seal, including portions of his Petition and exhibits.  He may, for example, re-file his Petition and exhibits with redactions on the public docket while filing an accompanying motion to seal those portions; such a motion would explain why those redacted portions (as opposed to the entire case) should be under seal."  Ex. B to Nader's Provisional Motion to Seal (Sept. 1, 2023 email from Sammy Bensinger re: "Subject: Activity in Case 23-2520 Sealed v. Sealed").  Thus, Chief Judge Boasberg's order leaves this Court with full authority and discretion to seal specific materials submitted in this matter, and to do so informed by the position of both interested parties (and not just Nader).

[3] As of the date of this filing, Latham is still awaiting proper service of the Petition.  Nader has not yet served the Petition on Latham, nor has Latham received a proper request asking it to waive service in accordance with the requirements of Federal Rule of Civil Procedure 4(d)(1).  Thus, while Latham files this response in accordance with the Court's Minute Order, it reserves all rights to challenge Nader's Petition for inadequate service.

Here, the *Hubbard* factors that inform this Court's analysis of the Motion to Seal each decisively weigh in favor of maintaining the Petition and exhibits under seal. Specifically:

- There has been no prior public access to these materials and both parties object to their disclosure. The Sealed Materials relate to a ████████████ between Nader and his former counsel, which was resolved through confidential arbitration governed by a protective order. ████████████████████████████████████████ ████████████████████████████████████████ There is no reason to disrupt that status quo and make public a massive portion of the confidential Arbitration record, ████████████████████████████████████████ ████████

- There is no need for public access to these Sealed Materials and, as Latham's forthcoming Opposition to the Petition will demonstrate, this Court's decision will not require consideration of them at all. This is because Nader's Petition fails at the outset: (1) this Court lacks subject matter jurisdiction to consider it; and (2) Nader unabashedly requests that the Court conduct an impermissible *de novo* review of issues fully and fairly resolved in the Arbitration.[4] Nader's Petition must be rejected on both fronts without *any* consideration of the confidential Sealed Materials appended to his Petition. The mere fact that Nader attached them to a plainly meritless petition does not create a need for public access.

---

[4] The Court need not resolve these merits issues in considering whether to keep the Sealed Materials under seal at this time, and Latham is not requesting that it do so. Those issues will be fully briefed by Latham in its Opposition to the Petition, which will allow the Court to reach a final decision on the merits of the Petition in due time. For now, it is sufficient that substantial questions exist about this Court's jurisdiction and its authority to undertake the type of *de novo* review requested by Nader, with either outcome obviating the need for the Court to examine the Sealed Materials at all.

- The privacy interests here are compelling and the likelihood of prejudice is high. █

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ Those privacy interests do not become less compelling simply

because Latham prevailed in the Arbitration. ██████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████

For these reasons, the Court should maintain under seal Nader's unredacted Petition and

the exhibits thereto—████████████████████████████████. At minimum, the

Court should maintain the Sealed Materials under seal until it has the opportunity to rule on the

Petition. Latham submits that once this Court has the benefit of the parties' full briefing on the

merits of the Petition, it will be able to confirm—without resort to the Sealed Materials—its lack

of subject matter jurisdiction and lack of authority to engage in an impermissible *de novo* review

of the Final Award. Under those circumstances, there will be simply no basis to publish the

otherwise highly confidential Sealed Materials Nader has needlessly appended to his Petition.

## ARGUMENT

The applicable *Hubbard* factors weigh strongly in favor of keeping the materials sealed.

Courts in the D.C. Circuit consider the six factors enumerated in *United States v. Hubbard*, 650

F.2d 293, 317-21 (D.C. Cir. 1980), when considering a motion to seal. *Metlife, Inc. v. Fin. Stability*

*Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017). Those factors are: (1) the need for public

access to the documents at issue; (2) the extent of previous public access to the documents; (3) the

fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any

property and privacy interest asserted; (5) the possibility of prejudice to those opposing disclosure;

and (6) the purposes for which the documents were introduced during the judicial proceedings. *Hubbard*, 650 F.2d at 317-21.  As an analysis of the *Hubbard* factors reveals, the factors which typically weigh in favor of the presumption of public access do not support the presumption where this Court lacks subject matter jurisdiction and the materials sought to be sealed are irrelevant to the only issues properly before the Court.

### A.    *Factors 2 and 3:* There Has Been No Previous Public Access to the Information and Both Parties Object to Disclosure

As this Court already acknowledged in its September 1, 2023 order denying Mr. Nader's initial motion to seal these proceedings in their entirety, the second and third *Hubbard* factors support sealing because there has been no public access to the information and both parties object to disclosure.  ECF No. 5 (Mem. Op.) at 3.  *See Hyatt v. Lee*, 251 F. Supp. 3d at 185 (citing *Hubbard*, 650 F.2d at 318-19) (finding that where "there has been no previous public access," the factor weighs in favor of sealing); *see also In re Pepco Emp't Litig.*, No. 86-0603, 1992 WL 115611, at *8 (D.D.C. May 8, 1992) (concluding it weighed in favor of nondisclosure that "[t]he public has had virtually no access to the documents in question").



There has been no prior public access to the information about the Arbitration ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which the parties resolved through confidential proceedings pursuant to their arbitration agreement, and which was—and continues to be— governed by a Protective Order.  Latham and Nader agreed to abide by the Protective Order in the Arbitration, which requires that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 at ¶ 3.  In accordance with the Protective Order, both Nader and Latham object to disclosure now.  The bare "fact that a party moves to seal the record weighs in favor of the party's motion." *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145,

149 (D.D.C. 2010); *see also Guttenberg v. Emery*, 26 F. Supp. 3d 88, 94 (D.D.C. 2014) (noting

that a movant's motion to seal a record is itself support for nondisclosure).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████[5]   ██████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

     Here, this Court already recognized that the Protective Order and the fact that the Sealed

Criminal Proceedings are filed under seal "counsel against disclosure."  ECF No. 5 (Mem. Op.) at

3. ██████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[5] In addition, ██████████████████████████████████████████

█████████████████████████████████████████████████ Ex. 1

to Nader's Petition, 1 n.1.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████        The second and third *Hubbard* factors therefore weigh strongly in

favor of maintaining the Sealed Materials under seal, and there is no reason to disrupt that status

quo by making public a significant portion of the confidential record of the Arbitration.

> **B.**  ***Factors 1 and 6*: There is No Need for Public Access and the Information Will
> Be Irrelevant to the Court's Review**

The first and sixth *Hubbard* factors further support keeping the materials sealed, because

there is no public need to access the Sealed Materials and in any event, the information will be

entirely irrelevant to the Court's review of Nader's Petition.  That information, which includes

portions of the factual record developed during the Arbitration proceeding, the Final Award, and

materials from the Arbitration offered in support of the present action, is of no public import,

would serve no purpose by being publicly disclosed, and ultimately should not be relied upon by

the Court in determining the merits of Nader's Petition under the applicable standards of review.

Regardless, even if there is public interest in Nader's Petition to Vacate, the redacted Petition and

a redacted version of Latham's forthcoming Opposition are more than sufficient to inform the

public as to the relief Nader seeks and Latham's response.

First, the materials in the present action relate principally to ████████████████████

████████████████████████████████████████████████    In the order

declining to seal this matter in its entirety, Chief Judge Boasberg noted that Mr. Nader's status as

a convicted criminal could suggest a need for public access.  ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████    In any event,

notwithstanding any potential public interest, this Court has already determined that the criminal

proceedings involving Nader ████████████████████████    should be sealed.

      Second, there is no need for public access to the documents sought to be sealed because,

as Latham will demonstrate in its forthcoming Opposition, Nader's Petition must be dismissed at

the outset for lack of subject matter jurisdiction, and no consideration of the merits will occur.  As

the United States Supreme Court made clear last year, there must be an independent basis for

federal jurisdiction in order to litigate a petition to vacate an arbitration award in federal court.

*Badgerow v. Walters*, 142 S. Ct. 1310, 1316,  212 L. Ed. 2d 355 (2022).  And such an independent

jurisdictional basis must be found on the face of Nader's Petition itself; *Badgerow* instructs that

courts may not "look through" the Petition to determine whether the underlying arbitration dispute

would have presented a federal question.  *Id.* at 1314, 1317 (explaining that an arbitral "award is

no more than a contractual resolution of the parties' dispute" and that "quarrels about legal

settlements—even settlements of federal claims—typically involve only state law, like

disagreements about other contracts.").  As Latham will demonstrate, Nader offers no cognizable

basis for federal jurisdiction here and his Petition must be dismissed.  Particularly if this Court

rejects the Petition on jurisdictional grounds (as Latham submits it must), the Arbitration materials

appended to the Petition would have no relevance to the outcome of this matter and there would

be no need for public access to sensitive documents underlying a dispute that is not properly before

this Court.

      Third, even were the Court to conclude it has jurisdiction to consider the Petition, the

Sealed Materials should be of no relevance to its resolution.  As Latham will further demonstrate

in its forthcoming Opposition, the Petition nakedly asks this Court to engage in an open-ended, *de*

*novo* review of the Final Award that is impermissible under well-settled law. Despite acknowledging that the Arbitration Panel "devoted substantial time and resources to this dispute" and that "at least two of the three arbitrators came to the case with substantial prior experience in criminal cases," ███████████████████████████████████████████████████████

███████████████████████████████████████████████ In doing so, he impermissibly asks the Court to sift through over 1,000 pages of underlying arbitration records attached as exhibits, which he "adopt[s] in full in this motion" as if "fully set … forth here," and reach a different conclusion than the Arbitration Panel. *Id.* To be sure, the Arbitration Panel correctly resolved the merits of these issues in Latham's favor. But more importantly here, under well-settled law, courts reviewing motions to vacate arbitration awards do not have the authority to engage in the type of *de novo* review Nader requests. *See, e.g.*, *A1 Team USA Holdings, LLC v. Bingham McCutchen, LLP*, 998 A.2d 320, 322 (D.C. 2010) (concluding that D.C. Code § 16–4423(b), like § 16–4423(a), "does not authorize *de novo* review of the arbitrator's award"); *Bolton v. Bernabei & Katz, PLLC*, 954 A.2d 953, 959 (D.C. 2008) ("judicial review of an arbitrator's decision is extremely limited" and the court will not second-guess a decision reached by the arbitrators) (quoting *Lopata v. Coyne*, 735 A.2d 931, 940 (D.C. 1999)); *Affinity Fin. Corp. v. AARP Fin., Inc.*, 794 F. Supp. 2d 117, 119-20 (D.D.C. 2011), aff'd 468 F. App'x 4 (D.C. Cir. 2012) (court "does not sit to hear claims of factual or legal error by an arbitrator in the manner than an appeals court would review a decision of a lower court."); *Oehme, van Sweden & Assocs., Inc. v. Maypaul Trading & Servs. Ltd.*, 902 F. Supp. 2d 87, 95, 105 (D.D.C. 2012) ("Judicial review of arbitration awards is 'extremely limited.' … Courts generally 'will not set aside an arbitration award for errors of either law or fact made by the arbitrator.' … even if the arbitrator misapplied District of Columbia law, that would not be a basis for vacatur."). Therefore, the content of the arbitration

materials attached to the Petition simply have no relevance to this Court's resolution of the Petition and there is no basis to make them public now.

      **C.**    ***Factors 4 and 5*: Both Latham and Nader Have Strong Property and Privacy Interests, and there is a Possibility of Prejudice if the Information is Disclosed**

Finally, the fourth and fifth *Hubbard* factors weigh in favor of sealing, because both Latham and Nader have strong privacy interests in maintaining the confidentiality of the Sealed Materials, and there is a real likelihood of prejudice if the information is disclosed.

Ultimately, the parties to the Arbitration contracted for the benefit of a private, confidential proceeding to resolve any disputes that may arise.  Nader's decision to challenge the Final Award should not deprive Latham of its contracted benefit of a confidential dispute resolution proceeding, especially when this Court lacks subject matter jurisdiction and Nader's argument for seeking to vacate the Final Award is simply that he believes the Panel came to the wrong conclusion—a wholly illegitimate basis for vacatur.

## CONCLUSION

For the reasons set forth above, Latham respectfully requests that the Court maintain Nader's unredacted Petition and exhibits under seal, at the very least until it has the opportunity to resolve the Petition itself.  A proposed Order is attached hereto.

Respectfully submitted this 22nd day of September, 2023.

*/s/ Natalie Hardwick Rao*
Natalie Hardwick Rao
D.C. Bar No. 1009542
Rebekah L. Soule
D.C. Bar No. 1033203
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C.  20004
Telephone: (202) 637-2164
Email: natalie.rao@lw.com
Email: rebekah.soule@lw.com

*Counsel for Latham & Watkins LLP*
