IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**GEORGE A. NADER,**

*Petitioner,*

v.

**LATHAM & WATKINS LLP,**

*Respondent.*

Case No. 23-cv-2520-RDM

## LATHAM & WATKINS LLP'S NOTICE OF SUPPLEMENTAL AUTHORITY

In further support of its Opposition to George A. Nader's First Amended Petition to Vacate Arbitration Award and Counterclaim to Confirm the Award, Respondent Latham & Watkins LLP ("Latham") respectfully submits this notification to the Court of a recent decision of the United States Court of Appeals for the Fourth Circuit, which to our knowledge is the first federal appellate court to consider federal jurisdiction over petitions to vacate arbitration awards based on claims of manifest disregard of law under the analysis prescribed in *Badgerow v. Walters*, 596 U.S. 1 (2022). In *Friedler v. Stifel, Nicolaus, & Co.*, the Fourth Circuit held that, in light of *Badgerow*, it did not have subject matter jurisdiction to resolve a petition to vacate an arbitration award based on manifest disregard of federal law. 108 F.4th 241, 244 (4th Cir. 2024) (attached as Exhibit A). The Fourth Circuit held that this was the case even though the party seeking to vacate the arbitration award alleged manifest disregard of *federal* law – specifically, the Securities Exchange Act of 1934, which grants federal courts with exclusive jurisdiction over violations of the Act. *Id.* at 247. Specifically, the Fourth Circuit explained that judicial review of an arbitration award is "severely circumscribed," and therefore when a petition claims manifest disregard of law, a court's review "analyzes that law in only the most cursory sense" and instead "ask[s] simply whether there is

1

'binding precedent requiring a contrary result,' … that the arbitrator was aware of, understood correctly, found applicable to the case, and yet chose to ignore … ." *Id.* at 246-47 (internal citations omitted). Accordingly, any federal issue posed by the petition is not sufficiently "substantial" to support the exercise of federal question jurisdiction. *Id.* at 247.

Of particular note, the Fourth Circuit stated:

> Rather than "looking through" to the underlying claims, *Badgerow* instructs that we should look to the "face of the application" for an "independent jurisdictional basis." 596 U.S. at 9, 142 S. Ct. 1310.
>
> … .
>
> Seizing on this language, both parties contend that because the "face of the petition" asserts that the arbitration panel manifestly disregarded federal securities laws, the district court had federal-question jurisdiction over the dispute under § 1331.
>
> We can't agree. A petition to vacate an arbitration award doesn't raise the merits of the underlying claim, but rather the "enforceability of an arbitral award," which is "no more than a contractual resolution of the parties' dispute." *Id.* at 9, 142 S. Ct. 1310; *see also SmartSky Networks, LLC v. DAG Wireless, Ltd.*, 93 F.4th 175, 182 (4th Cir. 2024) ("At the time the parties filed their respective Section 9 and 10 applications, they were no longer litigating over their fraught business relationship—those issues and claims had been resolved by the Tribunal. Instead, the parties' dispute focused on the enforceability of the arbitral award.").
>
> The parties suggest that *Badgerow* is distinguishable on the ground that it involved a claim that the award should be vacated because of fraud, rather than a manifest disregard of federal law. But we think the same reasoning applies in this context, as we've long treated manifest disregard claims as distinct from the merits of the underlying issues they raise.
>
> Judicial review of an arbitration award is "severely circumscribed," and is "among the narrowest known at law." *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015) (cleaned up). Because arbitration is designed to permit expedited resolution of disputes that avoids the expense of ordinary litigation, giving "full scrutiny" of arbitration awards would "frustrate the purpose of having arbitration at all."

2

*Apex Plumbing Supply, Inc v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998). Still, we've recognized that federal courts may vacate arbitration awards if the arbitrators "manifestly disregard[ ]" the law. *Jones*, 792 F.3d at 401 (cleaned up).

But this isn't a green light for courts to flyspeck the merits of the dispute. Rather, courts focus only on whether the arbitrator "did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Interactive Brokers LLC v. Saroop*, 969 F.3d 438, 445 (4th Cir. 2020) (cleaned up). That's because parties who agree to arbitrate "assume the risk that the arbitrator may interpret the law in a way with which they disagree." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 n.5 (4th Cir. 2012).

So when a petition claims that the arbitration panel manifestly disregarded federal law, our review analyzes that law in only the most cursory sense. We ask simply whether there is "binding precedent requiring a contrary result," *Warfield v. Icon Advisers*, 26 F.4th 666, 670–71 (4th Cir. 2022) (cleaned up), that the arbitrator was aware of, understood correctly, found applicable to the case, and yet chose to ignore, *Constellium Rolled Prods. Ravenswood, LLC v. United Steel Workers Int'l Union*, 18 F.4th 736, 741 (4th Cir. 2021) (cleaned up).

… .

That's not to say that § 1331 is a dead letter as a basis for jurisdiction over petitions to vacate arbitration awards. *Badgerow* suggests that there may be federal statutes beyond the FAA itself that would "entitle[ ] the applicant to relief" and thus support jurisdiction. 596 U.S. at 9, 142 S. Ct. 1310. The Sixth Circuit, for example, has held that the Labor Management Relations Act (LMRA) is such a statute. *Greenhouse Holdings, LLC v. Int'l Union of Painters and Allied Trades Dist. Council* 91, 43 F.4th 628, 631 (6th Cir. 2022). But it reached that conclusion because the LMRA confers jurisdiction over "suits for violation[s] of contracts between an employer and a labor organization," *id.* (citing 29 U.S.C. § 185(a)), and it was "well-established that the LMRA authorizes courts to enforce or vacate labor arbitration awards," *id.* (cleaned up).

We're aware of no such grant of jurisdiction in the SEC Act, and the parties don't argue otherwise. Although the Act grants federal courts exclusive jurisdiction over "violations" of the Act and "all suits in equity and actions at law brought to enforce any liability or duty created by" the Act, 15 U.S.C. § 78aa(a), it doesn't authorize vacatur of an award that the parties agreed to have settled by an arbitrator.

3

> Thus, even assuming the petition adequately alleged that Devlin and Stifel violated the Act, the Act itself wouldn't "entitle[ ] the applicant to relief," *Badgerow*, 596 U.S. at 9, 142 S. Ct. 1310—here, vacatur of the arbitration award. As both parties agree, vacatur is warranted only if Petitioners prove that the panel manifestly disregarded the Act.
>
> … .
>
> … [W]e think *Badgerow* bolsters our view that manifest disregard is not a jurisdictional gateway for vacatur. To hold otherwise would open the door that *Badgerow* closed.
>
> It's no surprise that parties on the losing end of an arbitration award will think that the arbitrators misapplied the law in some way. If they could merely claim that the panel manifestly disregarded the law as their ticket into federal court, federal jurisdiction over petitions to vacate would be even broader than under the "look-through" approach that *Badgerow* rejected. We decline to punch that ticket.

*Id.* at 246-50. Latham submits that this recent decision of the Fourth Circuit provides further support for its Opposition to Nader's Amended Petition to Vacate and stands for the proposition that a claim for vacatur of an arbitration award based on manifest disregard of law cannot establish federal subject-matter jurisdiction over the petition, even if the law that was allegedly disregarded is itself federal in nature.

Respectfully submitted this 9th day of August, 2024.

/s/ *Brian E. Kowalski*
Brian E. Kowalski
D.C. Bar No. 500064
Natalie Hardwick Rao
D.C. Bar No. 1009542
Rebekah L. Soule
D.C. Bar No. 1033203
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C.  20004
Telephone: (202) 637-2200
Email: brian.kowalski@lw.com

Richard D. Owens
(admitted Pro Hac Vice)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: richard.owens@lw.com

*Counsel for Latham & Watkins LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2024, I caused a copy of the foregoing to be sent via email to counsel for Petitioner Barry Coburn at barry@coburngreenbaum.com.

*/s/ Brian E. Kowalski*
Brian E. Kowalski